George E. Hays (State Bar No. 119904)
Attorney at Law
P.O. Box 843
Bellevue, WA 98009
Tel: (415) 566-5414
E-mail: *georgehays@mindspring.com*

Reed Zars (Wyo. Bar No. 6-3224)
Attorney at Law
910 Kearney Street
Laramie, Wyoming  82070
Tel: (307) 760-6268
E-mail: *reed@zarslaw.com*
*Application pending for admission pro hac vice*

Attorneys for Plaintiffs Environmental Defense Fund and Sierra Club

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| **ENVIRONMENTAL DEFENSE FUND and SIERRA CLUB**,<br><br>  Plaintiffs,<br><br>  v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**,<br><br>  Defendant. | Case No.: 3:22-cv-7731<br><br>COMPLAINT |

### I.   STATEMENT OF THE CASE

1.     Plaintiffs bring this civil action under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a)(2), to require the Administrator of the Environmental Protection Agency to perform his nondiscretionary duty to review and revise the air pollution emission limits applicable to stationary combustion turbines every eight years.  42 U.S.C. § 7411(b)(1)(B).  The last emission limits for these facilities were proposed in 2005 and finalized in 2006, over 16 years ago.

### II.   JURISDICTION AND VENUE

2.     JURISDICTION: This court has subject matter jurisdiction over the claims in this complaint pursuant to 42 U.S.C. § 7604(a)(2), 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1361.

3.     VENUE: Venue lies in the Northern District of California, pursuant to 28 U.S.C. § 1391(b) and (e), because the action arises in the Northern District of California and because the United States Environmental Protection Agency ("EPA") has an office located in San Francisco, California.

4.     DIVISIONAL ASSIGNMENT: This case should be assigned to the San Francisco Division or the Oakland Division because Defendant EPA's regional office is located in San Francisco County, and this is a District-wide matter.

5.     Plaintiffs bring this action to compel the EPA to perform nondiscretionary duties under the Clean Air Act ("CAA" or "the Act").  Specifically, the EPA Administrator ("Administrator") has failed to perform his nondiscretionary duty to review and revise the air pollution emission limits, called new source performance standards ("NSPS"), for new, modified and reconstructed stationary combustion turbines ("new combustion turbines") as mandated by the Act at 42 U.S.C. § 7411(b)(1)(B).

6.     On September 29, 2022, plaintiffs served written notice on the Administrator of the matters complained of herein pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.1-3.  More than sixty days have passed since plaintiffs served such notice.

### III.     PARTIES

7.     Plaintiff Environmental Defense Fund ("EDF") is a national nonprofit organization with over 400,000 members that links science, economics, and law to create innovative, equitable, and cost-effective solutions to urgent environmental problems.  EDF has long pursued initiatives at the state and national levels designed to reduce emissions of health-harming and climate-altering air pollutants from stationary, mobile and area sources.  EDF brings this action on behalf of its adversely affected members.

8.     Plaintiff Sierra Club is a national conservation organization with approximately 735,000 members.  Sierra Club's mission is to explore, enjoy, and protect the wild places of the earth; to practice and promote the responsible use of the earth's ecosystems and resources; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.  In advancing these

objectives, Sierra Club works to safeguard and enhance the quality of air throughout the country, in large part by seeking protective pollution standards for industrial facilities such as new combustion turbines and other sources of emissions. Sierra Club brings this action on behalf of its adversely affected members.

9. Plaintiffs' members reside in, work in, or regularly visit and use the atmospheric and terrestrial resources immediately impacted by the Administrator's violations of the Act. The health, environmental, economic, aesthetic and recreational interests of plaintiffs' members have been and will continue to be injured by the Administrator's failure to perform the nondiscretionary duties complained of herein. These injuries are exacerbated by climate impacts driven by greenhouse gas emissions from the same combustion turbines.

10. The interests of plaintiffs' members who are being, and will be directly injured by the Administrator's failure to review and revise the NSPS for new combustion turbines include, but are not limited to: (1) breathing air free from excessive, health-impairing pollutant emissions from new, under-regulated combustion turbines, (2) viewing natural scenery and wildlife unimpaired by ugly pollution that is caused, in whole or in part, by under-regulated emissions from new combustion turbines, and (3) enjoying the benefits of lakes, rivers, streams, terrestrial ecosystems, and other natural environments unsullied by the atmospheric fallout of under-regulated pollutants from new combustion turbines.

11. Under the Clean Air Act, air pollution effects on "welfare" include, but are not limited to, harmful impacts to "soils, water, crops, vegetation, manmade materials, animals, wildlife, weather, visibility, and climate, damage to and deterioration of property, and hazards to transportation, as well as effects on economic values and on personal comfort and well-being, whether caused by transformation, conversion, or combination with other air pollutants." 42 U.S.C. § 7602(h).

12. Avoidable emissions of air pollutants from new combustion turbines adversely affect the health and welfare of plaintiffs' members. If EPA issues a revised NSPS for new combustion turbines it is more likely than not that emissions from such plants will be less than they would be if only regulated under the current NSPS.

13. For example, among other locations, plaintiff EDF has 1519 members in Brazoria, Guadalupe, Harris, Austin, Brazos, Anderson, and El Paso counties in Texas, where the construction of several new combustion turbines has been proposed. Plaintiff Sierra Club has 611 members in Chippewa County, Wisconsin, where a new combustion turbine has been proposed, and the immediately neighboring Eau Claire County. As a result of EPA's failure to satisfy its nondiscretionary duty, these (and many other) new combustion turbines threaten to emit greater amounts of air pollutants because they will only be subject to the current, outdated, NSPS pollution standards that should have been reviewed and revised over eight years ago.

14. The interests of plaintiffs' members thus have been adversely affected by the Administrator's violations of the Act, and those interests will continue to be so affected unless and until the relief requested herein is granted.

15. Defendant EPA is an agency of the United States.

### IV.  LEGAL BACKGROUND

16. 42 U.S.C. § 7411, directs the Administrator to promulgate NSPS regulations that limit emissions from new, modified or reconstructed stationary sources.

17. The term "modification" means "any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such source or which results in the emission of any air pollutant not previously emitted." 42 U.S.C. § 7411(a)(4).

18. Under EPA's regulations implementing the Clean Air Act, the term "'reconstruction' means the replacement of components of an existing facility to such an extent that: (1) The fixed capital cost of the new components exceeds 50 percent of the fixed capital cost that would be required to construct a comparable entirely new facility, and (2) It is technologically and economically feasible to meet the applicable standards set forth in this part." 40 C.F.R. § 60.15(b).

19. The NSPS are required to reflect "the degree of emission limitation achievable through the application of the best system of emission reduction which (taking into account the cost of achieving such reduction and any nonair quality health and environmental impact and

energy requirements) the Administrator determines has been adequately demonstrated." 42 U.S.C. § 7411(a)(1); *Essex Chemical Corp. v. Ruckelshaus*, 486 F.2d 427, 433 (D.C. Cir. 1973).

20. According to 42 U.S.C. § 7411(b)(1)(B):

> The Administrator shall, at least every 8 years, review and, if appropriate, revise such standards following the procedure required by this subsection for promulgation of such standards. Notwithstanding the requirements of the previous sentence, the Administrator need not review any such standard if the Administrator determines that such review is not appropriate in light of readily available information on the efficacy of such standard.

## V. FACTUAL BACKGROUND

21. On September 10, 1979, EPA promulgated the first NSPS for stationary combustion turbines at 40 C.F.R. Subpart GG, 40 C.F.R. § 60.330, 44 Fed. Reg. 52,798.

22. On February 18, 2005, 26 years later, EPA proposed to revise those standards at Subpart KKKK.  40 C.F.R. § 60.4300 et seq., 70 Fed. Reg. 8314.  EPA finalized this revision on July 6, 2006.  71 Fed. Reg. 38,481.

23. More than eight years have passed since EPA last revised Subpart KKKK.

24. Since EPA's last revision of those standards, the agency has neither determined that revision of the standards would be inappropriate, nor has it revised such standards.

25. The most stringent NOx emission limit for new combustion turbines in the current NSPS is 15 parts per million (ppm).

26. Today, combustion turbines such as the Marsh Landing Generating Station in Contra Costa County, California, are operating at NOx emission rates as low as 2.5 ppm using selective catalytic reduction (SCR) technology. This emission rate is 87 percent lower than the current NSPS's 15 ppm NOx emission limit for comparable combustion turbines subject to that rule.

27. EPA's current NOx emission limits under Subpart KKKK do not reflect "the degree of emission limitation achievable through the application of the best system of emission reduction which (taking into account the cost of achieving such reduction and any nonair quality health and environmental impact and energy requirements) the Administrator determines has been adequately demonstrated." 42 U.S.C. § 7411(a)(1).

28. For over eight years, EPA has had a nondiscretionary duty to review and revise the best system of reducing NOx emissions from new combustion turbines. This entails a review and revision not only of the technology that forms the basis of EPA's determination of the best system of emission reduction, but also of the terms, units, and averaging times of EPA's standards in order to ensure the greatest reduction of NOx.

29. The U.S. Department of Energy's Energy Information Administration projects that nearly 120 Gigawatts of new combustion turbine electricity generation capacity will be constructed in the country between 2022 and 2030, an increase of nearly 30 percent with respect to current capacity.[1]

30. If EPA complies with its nondiscretionary duty to review and revise the NSPS for new combustion turbines, the agency will likely issue significantly more stringent NOx limits for those facilities, resulting in a substantial reduction of harmful pollution nationwide.

31. Plaintiffs incorporate by reference and reallege the allegations contained in paragraphs 1 through 30 for the cause of action set forth below.

## VI.   CAUSE OF ACTION

**Failure to Review and Revise New Combustion Turbine NSPS Within Eight Years**

32. The Administrator has a nondiscretionary duty to, at least every eight years, review and, unless inappropriate, revise the NSPS for new combustion turbines. 42 U.S.C. § 7411(b)(1)(B).

33. More than eight years have passed since EPA last promulgated the NSPS for new combustion turbines.

34. Since that time, the Administrator has neither reviewed and revised the NSPS for new combustion turbines nor determined that revision of the NSPS would be inappropriate.

35. Therefore, the Administrator is in violation of 42 U.S.C. § 7411(b)(1)(B) and has been since the eight-year deadline expired for EPA to either review and revise the current NSPS for new combustion turbines or determine that revision was inappropriate.

---

[1] EIA, Annual Energy Outlook 2022, Table 9: Electric Generating Capacity (AEO2022 reference case) (March 3, 2022), https://www.eia.gov/outlooks/aeo/data/browser/#/?id=9-AEO2022&cases=ref2022&sourcekey=0.

36.     Plaintiffs are suffering and will continue to suffer irreparable harm because of the Administrator's failure to timely perform these nondiscretionary duties.

## VII.   RELIEF REQUESTED

WHEREFORE, plaintiffs respectfully request the Court:

A.   DECLARE that the Administrator is in violation of his 42 U.S.C. § 7411(b)(1)(B) nondiscretionary duty to review and, unless inappropriate, revise the current NSPS within eight years.

B.   ISSUE A MANDATORY INJUNCTION requiring the Administrator to carry out his 42 U.S.C. § 7411(b)(1)(B) nondiscretionary duty by,

1. Issuing a proposed revision of the NSPS for new combustion turbines, or a final decision not to revise such NSPS, within 120 days, and

2. Issuing a final revision of the NSPS for new combustion turbines by December 15, 2023, unless he decided not to revise such NSPS as provided for in B.1. above.

C.   Retain jurisdiction over this matter for purposes of enforcing and effectuating the Court's order;

D.   Grant plaintiffs their reasonable costs of litigation, including their attorneys' and expert witness fees; and,

E.   Grant such further relief as the Court deems just and proper.

DATED this 7th day of December, 2022.

ENVIRONMENTAL DEFENSE FUND &
SIERRA CLUB, Plaintiffs

s/George E. Hays

s/Reed Zars

Attorneys for Plaintiffs

| | |
|---|---|
| 1 | Environmental Defense Fund |
| 2 | 123 Mission St, 28th Floor<br>San Francisco, California 94105 |
| 3 | Environmental Defense Fund |
| 4 | 1875 Connecticut Ave, NW, Suite 600<br>Washington, DC 20009 |
| 5 | Sierra Club |
| 6 | 2101 Webster St., Ste. 1300<br>Oakland, CA 94612 |
| 7 | Sierra Club |
| 8 | 50 F St. NW, 8th Floor<br>Washington, DC 20001 |