TODD KIM
Assistant Attorney General
ALEXANDER M. PURPURO (Florida Bar No. 1025872)
Alexander.Purpuro@usdoj.gov
Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice
4 Constitution Square
150 M Street, NE
Suite 4.138
Washington, D. C.  20002
Telephone: (202) 514-9771

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendant. | Case No. 3:22-cv-7731-WHO<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** |

1       Defendant United States Environmental Protection Agency (hereinafter, "EPA")

2   responds to the numbered allegations of the Complaint (Dkt. No. 1) filed by Plaintiffs

3   Environmental Defense Fund and Sierra Club (collectively, "Plaintiffs") as follows:

4                           I.       STATEMENT OF THE CASE

5       1.  The allegations set forth in Paragraph 1 constitute Plaintiffs' characterization of

6   this action, to which no response is required.  To the extent a response is required, EPA

7   denies the allegations.

8                           II.      JURISDICTION AND VENUE

9       2.  The allegations set forth in Paragraph 2 constitute conclusions of law, to which no

10  response is required.  To the extent a response is required, EPA denies the allegations set

11  forth in Paragraph 2.

12      3.  The allegations set forth in Paragraph 3 constitute conclusions of law, to which no

13  response is required.  To the extent a response is required, EPA admits that EPA Region

14  IX's principal office is located in San Francisco, California, *see* 40 C.F.R. § 1.7(b)(9), but

15  denies all remaining allegations.

16      4.  The allegations set forth in Paragraph 4 constitute conclusions of law, to which no

17  response is required.  To the extent a response is required, EPA admits that EPA Region

18  IX's principal office is located in San Francisco, California, *see* 40 C.F.R. § 1.7(b)(9), but

19  denies all remaining allegations.

20      5.  The allegations set forth in the first sentence of Paragraph 5 constitute Plaintiffs'

21  characterization of this action, to which no response is required.  To the extent a response

22  is required, EPA denies the allegations set forth in the first sentence of Paragraph 5.  The

23  allegations set forth in the second sentence of Paragraph 5 constitute conclusions of law,

24  to which no response is required.  To the extent a response is required, EPA denies the

25  allegations set forth in the second sentence of Paragraph 5.

26      6.  EPA admits that Plaintiffs provided EPA with written notice of intent to sue with

27  regard to the allegations presented in the Complaint (Dkt. No. 1) on or about September

28  29, 2022.  The remaining allegations set forth in Paragraph 6 constitute conclusions of

1  law, to which no response is required.  To the extent a response is required, EPA denies

2  the remaining allegations set forth in Paragraph 6.

3                                    III.      PARTIES

4      7.   The allegations in the final sentence of Paragraph 7, in part, constitute legal

5  conclusions to which no response is required.  To the extent that a response is required,

6  EPA denies the allegations.  EPA lacks knowledge or information sufficient to form a

7  belief about the truth of the remaining allegations set forth in Paragraph 7 and therefore

8  denies the allegations.

9      8.   The allegations in the final sentence of Paragraph 8, in part, constitute legal

10  conclusions to which no response is required.  To the extent that a response is required,

11  EPA denies the allegations.  EPA lacks knowledge or information sufficient to form a

12  belief about the truth of the remaining allegations set forth in Paragraph 8 and therefore

13  denies the allegations.

14      9.   EPA lacks knowledge or information sufficient to form a belief about the truth of

15  the allegations, in part, set forth in the first sentence of Paragraph 9 and therefore denies

16  the allegations.  The remaining allegations set forth in Paragraph 9 constitute conclusions

17  of law, to which no response is required.  To the extent a response is required, EPA

18  denies the remaining allegations set forth in Paragraph 9.

19      10. The allegations set forth in Paragraph 10 constitute conclusions of law, to which

20  no response is required.  To the extent a response is required, EPA denies the allegations

21  set forth in Paragraph 10.

22      11. The allegations set forth in Paragraph 11 characterize 42 U.S.C. § 7602(h), which

23  speaks for itself and is the best evidence of its content.  To the extent that a response is

24  required, EPA denies the allegations set forth in Paragraph 11 to the extent that they are

25  inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7602(h).

26      12. The allegations set forth in Paragraph 12 constitute conclusions of law, to which

27  no response is required.  To the extent a response is required, EPA denies the allegations

28  set forth in Paragraph 12.

1    13. EPA lacks knowledge or information sufficient to form a belief about the truth of

2    the allegations set forth in the first and second sentences of Paragraph 13, and therefore

3    denies the allegations.  The allegations set forth in the third sentence of Paragraph 13

4    constitute conclusions of law, to which no response is required.  To the extent a response

5    is required, EPA denies the allegations set forth in the third sentence of Paragraph 13.

6    14. The allegations set forth in Paragraph 14 constitute conclusions of law, to which

7    no response is required.  To the extent a response is required, EPA denies the allegations

8    set forth in Paragraph 14.

9    15. The allegations set forth in Paragraph 15 constitute conclusions of law, to which

10    no response is required.  To the extent a response is required, EPA denies the allegations

11    set forth in Paragraph 15.

12                       IV.    LEGAL BACKGROUND

13    16. The allegations set forth in Paragraph 16 characterize 42 U.S.C. § 7411, which

14    speaks for itself and is the best evidence of its content.  To the extent that a response is

15    required, EPA denies the allegations set forth in Paragraph 16 to the extent that they are

16    inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7411.

17    17. The allegations set forth in Paragraph 17 characterize 42 U.S.C. § 7411(a)(4),

18    which speaks for itself and is the best evidence of its content.  To the extent that a

19    response is required, EPA denies the allegations set forth in Paragraph 17 to the extent

20    that they are inconsistent with or otherwise not contained in the plain language of 42

21    U.S.C. § 7411(a)(4).

22    18. The allegations set forth in Paragraph 18 characterize 40 C.F.R. § 60.15(b), which

23    speaks for itself and is the best evidence of its content.  To the extent that a response is

24    required, EPA denies the allegations set forth in Paragraph 18 to the extent that they are

25    inconsistent with or otherwise not contained in the plain language of 40 C.F.R. §

26    60.15(b).

27    19. The allegations set forth in Paragraph 19 characterize 42 U.S.C. § 7411(a)(1) and

28    the United States Court of Appeals for the District of Columbia Circuit decision, *Essex*

*Chemical Corp. v. Ruckelshaus*, 486 F.2d 427, 433 (D.C. Cir. 1973), which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 19 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7411(a)(1) and *Essex Chemical Corp. v. Ruckelshaus*, 486 F.2d 427, 433 (D.C. Cir. 1973).

20. The allegations set forth in Paragraph 20 characterize 42 U.S.C. § 7411(b)(1)(B), which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 20 to the extent that they are inconsistent with or otherwise not contained in the plain language of 42 U.S.C. § 7411(b)(1)(B).

V.      FACTUAL BACKGROUND

21. The allegations set forth in Paragraph 21 characterize 44 Fed. Reg. 52,798, which speaks for itself and is the best evidence of its content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 21 to the extent that they are inconsistent with or otherwise not contained in the plain language of 44 Fed. Reg. 52,798.

22. The allegations set forth in Paragraph 22 characterize 70 Fed. Reg. 8314 and 71 Fed. Reg. 38,481, which speak for themselves and are the best evidence of their content. To the extent that a response is required, EPA denies the allegations set forth in Paragraph 22 to the extent that they are inconsistent with or otherwise not contained in the plain language of 70 Fed. Reg. 8314 and 71 Fed. Reg. 38,481.

23. EPA admits that it has not revised 40 C.F.R. Part 60, subpart KKKK pursuant to 42 U.S.C. § 7411(b)(1)(B) in the past eight years.

24. EPA admits that since 2006, it has not revised 40 C.F.R. Part 60, subpart KKKK and it has not determined that a revision of that subpart would be inappropriate.

25. The allegations set forth in Paragraph 25 characterize uncited regulations which speak for themselves and are the best evidence of their content.  To the extent that a response is required, EPA denies the allegations set forth in Paragraph 25 to the extent

1  that they are inconsistent with or otherwise not contained in the plain language of those

2  uncited regulations.

3       26. EPA lacks knowledge or information sufficient to form a belief about the truth of

4  the allegations set forth in Paragraph 26 and therefore denies the allegations.

5       27. The allegations set forth in Paragraph 27 constitute conclusions of law, to which

6  no response is required.  To the extent a response is required, EPA denies the allegations

7  set forth in Paragraph 27.

8       28. The allegations set forth in Paragraph 28 constitute conclusions of law, to which

9  no response is required.  To the extent a response is required, EPA denies the allegations

10  set forth in Paragraph 28.

11       29. The allegations set forth in Paragraph 29 characterize the Energy Information

12  Administration's publication, Annual Energy Outlook 2022, Table 9: Electric Generating

13  Capacity (AEO2022 reference case) (March 3, 2022), which speaks for itself and is the

14  best evidence of its content.  To the extent that a response is required, EPA denies the

15  allegations set forth in Paragraph 29 to the extent that they are inconsistent with or

16  otherwise not contained in the plain language of the Energy Information Administration's

17  publication.

18       30. The allegations set forth in Paragraph 30 constitute conclusions of law, to which

19  no response is required.  To the extent a response is required, EPA denies the allegations

20  set forth in Paragraph 30.

21       31. EPA restates its responses to Paragraphs 1–30.

22                          VI.     CAUSE OF ACTION

23       32. The allegations set forth in Paragraph 32 characterize 42 U.S.C. § 7411(b)(1)(B),

24  which speaks for itself and is the best evidence of its content.  To the extent that a

25  response is required, EPA denies the allegations set forth in Paragraph 32 to the extent

26  that they are inconsistent with or otherwise not contained in the plain language of 42

27  U.S.C. § 7411(b)(1)(B).

28

1    33. EPA admits that more than eight years have passed since it promulgated 40

2   C.F.R. Part 60, subpart KKKK.

3    34. EPA admits that it has not conducted a review of 40 CFR Part 60, subpart KKKK

4   pursuant to 42 U.S.C. 7411(b)(1)(B) in the past eight years.

5    35. The allegations set forth in Paragraph 35 constitute conclusions of law, to which

6   no response is required.  To the extent a response is required, EPA denies the allegations

7   set forth in Paragraph 35.

8    36. The allegations set forth in Paragraph 36 constitute conclusions of law, to which

9   no response is required.  To the extent a response is required, EPA denies the allegations

10   set forth in Paragraph.

11                                   VII.    RELIEF REQUESTED

12    A.  The allegations set forth in Paragraph A constitute Plaintiffs' request for relief,

13   which does not require a response.

14    B.  The allegations set forth in Paragraph B constitute Plaintiffs' request for relief,

15   which does not require a response.

16         1.  The allegations set forth in Paragraph B.1 constitute Plaintiffs' request for

17             relief, which does not require a response.

18         2.  The allegations set forth in Paragraph B.2 constitute Plaintiffs' request for

19             relief, which does not require a response.

20    C.  The allegations set forth in Paragraph C constitute Plaintiffs' request for relief,

21   which does not require a response.

22    D.  The allegations set forth in Paragraph D constitute Plaintiffs' request for relief,

23   which does not require a response.

24    E.  The allegations set forth in Paragraph E constitute Plaintiffs' request for relief,

25   which does not require a response.

26

27

28

GENERAL DENIAL

EPA denies each and every allegation of the Complaint not specifically admitted in its responses to the Complaint's specific Paragraphs set forth above.  To the extent that any allegations of fact in the Complaint remain unanswered, EPA denies such allegations.

AFFIRMATIVE DEFENSES

The court lacks subject matter jurisdiction over Plaintiffs' claim or fails to state a claim upon which relief can be granted.

Respectfully Submitted,

Date: March 10, 2023

TODD KIM
Assistant Attorney General

 /s Alexander M. Purpuro
ALEXANDER M. PURPURO (Florida Bar No. 1025872)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street, NE
Suite 4.138
Washington, D.C.  20002
Alexander.Purpuro@usdoj.gov
Telephone (202) 514-9771
Facsimile (202) 514-8865

*Attorneys for Defendant*

Of Counsel:

Daniel Schramm
        Office of the General Counsel
        U.S. Environmental Protection Agency
        Washington, DC