TODD KIM
Assistant Attorney General
ALEXANDER M. PURPURO (Fla. Bar No. 1025872)
Alexander.Purpuro@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Telephone (202) 353-5230

*Attorneys for Defendant*

REED ZARS (Wy. Bar No. 119904)
910 E. Kearney Street
Laramie, WY 82070
Telephone: (307) 760-6268
Email: reed@zarslaw.com

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. 3:22-cv-7731-WHO<br>**[~~PROPOSED~~] CONSENT DECREE** |

WHEREAS on December 7, 2022, Plaintiffs Environmental Defense Fund and Sierra Club ("Plaintiffs") filed their Complaint in this federal Clean Air Act ("CAA") citizen suit against the United States Environmental Protection Agency ("EPA");

WHEREAS, Plaintiffs allege that EPA failed to perform its non-discretionary duty pursuant to 42 U.S.C. § 7411(b)(1)(B) to "review and, if appropriate, revise" at least every eight years the New Source Performance Standard ("NSPS") nitrogen oxides (NOx) limits for new stationary combustion turbines, or to promulgate a determination that revision "is not appropriate in light of readily available information on the efficacy of such standard[s].";

WHEREAS, Plaintiffs allege that EPA last promulgated NSPS air pollution limits for stationary combustion turbines on July 6, 2006, over 16 years ago, 40 C.F.R. Part 60, Subpart KKKK;

WHEREAS, Plaintiffs allege that EPA has failed to undertake its non-discretionary duties within eight (8) years and that such failure is actionable by citizens pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, the relief requested in Plaintiffs' Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its alleged obligations under 42 U.S.C. § 7411(b)(1)(B);

WHEREAS, Plaintiffs and Defendant EPA (collectively, "the Parties") have agreed through this Consent Decree (the "Consent Decree") to a settlement of all claims in Plaintiffs' Complaint without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action required by this Decree;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter, and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

1. This Court has jurisdiction over the CAA § 7411(b)(1)(B) claims set forth in the Complaint concerning EPA's review of the NSPS for stationary combustion turbines, 40 C.F.R. Part 60, Subpart KKKK. The Court may order the relief contained in this Decree. Venue is proper in the United States District Court for the Northern District of California.

2. For the NSPS stationary combustion turbine source category, 40 C.F.R. Part 60, Subpart KKKK (hereinafter, NSPS Subpart KKKK):

a. No later than November 7, 2024, the appropriate EPA official shall: (i) sign a determination under CAA section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B) that "review" of NSPS Subpart KKKK "is not appropriate in light of readily available information on the efficacy of [the] standard"; or (ii) review NSPS Subpart KKKK under CAA section 111(b)(1)(B), 42 U.S.C. § 7411(b)(1)(B), and sign either: (A) a proposed rule containing revisions to NSPS Subpart KKKK; or (B) a proposed determination not to revise NSPS Subpart KKKK;

b. If a proposed rule or a proposed determination pursuant to paragraph 2.a(ii) above is signed, then no later than November 12, 2025, the appropriate EPA official shall sign one or a combination of the following: (i) a final rule containing revisions to NSPS Subpart KKKK pursuant to42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination pursuant to 42 U.S.C. § 7411(b)(1)(B) not to revise Subpart KKKK.

3. The appropriate EPA official shall, within ten (10) business days of signature of each action or document set forth in Paragraph 2, forward each such

document to the Office of the Federal Register for review and publication in the *Federal Register*. Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors, other errors in form, or any other errors identified by the Office of the Federal Register) to delay or otherwise interfere with the publication of each such notice in the *Federal Register*.

4. Within ten (10) business days after forwarding the documents described in Paragraph 2 to the Office of the *Federal Register*, EPA shall send copies of such documents to Plaintiffs.

5. After EPA has completed the actions set forth in Paragraph 2 of this Consent Decree, after any notices required by Paragraph 2 have been published in the *Federal Register*, and the issue of costs of litigation, including reasonable attorneys' fees, has been resolved, EPA may move to have this Consent Decree terminated and the above-captioned matter shall be dismissed with prejudice. Plaintiffs shall have 14 calendar days to respond to such motion unless the parties stipulate to a longer time for Plaintiffs to respond.

6. The deadlines established by this Consent Decree may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court upon a motion by one or more of the Parties for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply. Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an undersigned Party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving Party and any reply thereto.

7. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including the discretion to

alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs:

Reed Zars
reed@zarslaw.com

George Hays
georgehays@mindspring.com

Noha Haggag
nhaggag@edf.org

Vickie Patton
vpatton@edf.org

Andres Restrepo
andres.restrepo@sierraclub.org

For Defendant EPA:

Section Chief
c/o Alexander M. Purpuro
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-9771
alexander.purpuro@usdoj.gov

11. The Parties recognize and acknowledge that the obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12. The Parties recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent Decree. If a lapse in EPA appropriations within one hundred twenty (120) days prior to a deadline in Paragraph 2 in this Consent Decree, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through modification of this Decree under Paragraph 6.

13. The Parties agree that this Decree shall constitute a complete and final settlement of all claims in the Complaint, except for costs of litigation (including attorneys' fees).

14. In the event of a dispute between the Parties concerning the interpretation of any aspect of this Decree, the disputing party shall provide the other party with a written notice, via electronic mail, outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within fifteen (15) business days after receipt of the notice, any party may move the Court to resolve the dispute.

15. No motion or other proceeding seeking to enforce this Decree or for contempt of court shall be properly filed unless the procedure set forth in Paragraph 14 has been followed.

16. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorneys' fees.

17. The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Decree is hereby extended until ninety (90) days after the entry of this Consent Decree by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot, Plaintiffs will file a motion for such costs or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

18. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to this Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General withdraw or withhold consent pursuant to CAA section 113(g), this Consent Decree shall be void and its terms may not be used as evidence in any litigation between the Parties. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

19. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

20. If, for any reason, the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

21. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

22. This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

23. The undersigned representatives of each Party certify that they are fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

24. The Consent Decree is approved, and the case is administratively closed.

SO ORDERED on this 27th day of July, 2023.



WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:

REED ZARS (Wy. Bar No. 119904)
910 E. Kearney Street
Laramie, WY 82070
Tel: (307) 760-6268
Email: reed@zarslaw.com

George E. Hays (State Bar No. 119904)
P.O. Box 843
Bellevue, WA 98009
Tel: (415) 566-5414
E-mail: georgehays@mindspring.com

COUNSEL FOR DEFENDANT:

TODD KIM
Assistant Attorney General

Alexander M. Purpuro (Florida Bar No. 1025872)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.138
Washington D.C. 20001
Tel. (202) 514-9771
Email: Alexander.Purpuro@usdoj.gov

*Attorney for Defendant EPA*

Of counsel:

Daniel Schramm
Office of General Counsel
U.S. Environmental Protection Agency
Washington, D.C.